[No 2236. Decided September 28, 1896.]

THE CITY OF TACOMA, *Respondent*, v. GERMAN-AMERI-CAN SAFE DEPOSIT AND SAVINGS BANK, *Appellant*.

BANKS AND BANKING — CITY WARRANTS DEPOSITED AS CASH — ESTOPPEL.

In an action by a city to recover from a bank a sum of money alleged to have been deposited by its treasurer, the answer of the bank is demurrable, when it admits that it had given credit for the amount claimed as money received by it from the city treasurer, but alleges as a defense that no money had in fact been deposited, but merely city warrants which were void, the answer, however, making no offer to return the warrants or to account for them in any way.

A bank is estopped to dispute its indebtedness to a city, where at various times during a period of two years it has given a city credit for money deposited, and entered the amounts in a pass book de-

livered to and kept by the city treasurer, although in fact city warrants instead of money had been actually received by the bank, when it has allowed the city to transact its business upon the assumption that the money in question was on deposit, and no attempt was made by the bank to avoid the transaction for a period of a year and a half after the last of such deposits had been made.

Appeal from Superior Court, Pierce County.—Hon. EMMETT N. PARKER, Judge.    Affirmed.

*B. F. Heuston,* and *T. W. Hammond,* for appellant.

*John Paul Judson,* and *W. H. H. Kean (Jame Wickersham,* of counsel), for respondent.

*Per Curiam.*—This action was brought by the city against the respondent bank to recover a balance due of moneys deposited by a former city treasurer at various times from April, 1892, to April, 1894, the amount thereof being something over $80,000. Some $22,000 of this was subsequently paid to the city upon warrants, by its treasurer McCauley who had succeeded Boggs, the former treasurer.    The defendant answered admitting that it had given credit for the amount claimed as money received by it from the city treasurer, and had entered the same in a pass book which was delivered to and kept by the treasurer. But as a defense it was alleged that no money in fact had been deposited, and that said warrants were void, etc.    But no offer was made to return the warrants and they were not accounted for in any way.    Plaintiff demurred to the answer, and the court sustained the demurrer, and, upon the failure of the defendant to amend, judgment was rendered for the plaintiff.

We think the demurrer was rightly sustained.    It appears from the pleadings that there was no attempt upon the part of the defendant to avoid the transaction until October, 1895; that it allowed the city to trans-

act its business upon the statement or assumption that the money in question was on deposit with the defendant. One treasurer had gone out of office and another succeeded him. Furthermore, the defendant had no right to accept the warrants as it alleges it did accept them, and should not at this time be permitted to interpose the defense set up. It was also incumbent upon the defendant to return or offer to return the warrants.

Affirmed.